UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PAMELA MCLEMORE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-429 JD |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On July 19, 2011, Defendant, Menard, Inc. ("Menard"), filed a motion for an order to show cause why Plaintiffs' case should not be dismissed for failing to respond to discovery requests as ordered by the Court. On July 22, 2011, Plaintiffs, Pamela McLemore and James McLemore (collectively "McLemore") filed a response. On July 29, 2011, Menard filed a reply. On November 3, 2011, the presiding judge referred this dispositive matter to the undersigned for a report and recommendation. For the following reasons, the undersigned **RECOMMENDS** that the Court **GRANT IN PART** Menard's motion by awarding fees and costs. However, the Court should not impose the harsh sanctions of dismissal as requested by Menard.

**I. RELEVANT BACKGROUND**

On February 17, 2011, Menard served interrogatories and requests for production of documents on McLemore. Menard never received any response, so on four separate occasions over the next four months, Menard attempted to contact McLemore's counsel to obtain some kind of response. Finally, on June 17, 2011, Menard filed a motion to compel discovery responses. On July 5, 2011, after receiving no response from McLemore, the Court granted the motion to compel, giving McLemore until July 15, 2011 to file responses.

On July 11, 2011, McLemore's counsel called Menard's counsel indicating that discovery responses were forthcoming. On July 25, 2011, McLemore filed her responses to Menard's interrogatories and requests for production. However, the responses were incomplete and several indicated that the responses would be supplemented. Discovery is set to close on November 15, 2011.

Menard argues that McLemore's case should be dismissed for failure to prosecute her claims and costs awarded to Menard because McLemore has not conducted any discovery nor has she sufficiently responded to Menard's discovery requests. As a result of McLemore's failures, Menard argues that it has been prejudiced because it has lost its opportunity to defend against McLemore's personal injury claims. Menard also notes that McLemore has admitted to some failure and has suggested more lenient sanctions.

**II.    ANALYSIS**

"If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed R. Civ. P. 37(b)(2)(A). Sanctions for failure to obey such an order include designating that the matters embraced in the order be taken as established in favor of the prevailing party, prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking the pleadings in whole or in part, or dismissing the action. *Id.* In addition to these sanctions, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). In deciding whether sanctions are warranted, the

2

court should consider (1) the prejudice suffered by the requesting party, (2) the ability to cure the prejudice, (3) the likelihood of disruption to trial, and (4) bad faith or willfulness involved in not disclosing evidence at an earlier date. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

McLemore admits that she did not respond to Menard's discovery requests by July 15, 2011 as ordered by the Court, but has since responded to the requests. However, McLemore argues that her delay happened for three reasons: (1) her counsel had a relative battling cancer, (2) her counsel's computer system failed the week discovery responses were due, and (3) she lives so far from her counsel that it complicates discovery. McLemore also argues that Menard suffered no prejudice as a result of the delay because the discovery period is still open. She argues, therefore, that her complaint should not be subject to dismissal as a sanction.

The Court will address the factors outlined in *Davis*, addressing prejudice against Menard and McLemore's willfulness in withholding discovery. First, despite McLemore's contentions, Menard has suffered prejudice from her failure to produce the requested discovery. Nearly six months have passed since Menard made its initial discovery request. Menard has lost much of the time that it was given to conduct discovery and formulate its strategy and defenses. However, the fact that discovery is still open reduces the amount of prejudice and increases Menard's ability to cure the prejudice. Furthermore, there is no dispositive motion deadline or trial date set, so McLemore's failure is unlikely to disrupt trial. As a result, Menard suffers little prejudice that cannot be cured.

Second, because Menard is seeking dismissal of the case as a sanction for McLemore's failure to disclose, the Court may only impose such a harsh sanction if it finds that McLemore's

conduct was willful, or in bad faith. *See Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). The Court does not find that McLemore's conduct was willful for several reasons. First, McLemore has responded to the discovery requests since the filing of the present motion to show cause and showed that the only reason it did not respond within the period given by the Court was because of computer failure. Also, McLemore's counsel has been dealing with serious illness in his family. While illness does not excuse McLemore's negligence in responding to discovery, it does preclude a finding of willfulness. As a result, the Court finds that dismissal is not warranted as a sanction in this matter.

Finally, the Federal Rules require McLemore to pay Menard's expenses unless she can show that her failure was substantially justified or other circumstances would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(d)(3). The Court finds that McLemore is not substantially justified in her failure because she failed to communicate her problems to Menard before the discovery deadline. Negligence is not substantial justification for a failure to cooperate. *See Norden v. Samper*, 544 F.Supp.2d 43, 50 (D.C. 2008). As a result, McLemore should pay Menard's expenses including attorney fees.

## III. CONCLUSION

Because McLemore did not comply with this Court's order and produce the required discovery, Menard's motion should be **GRANTED IN PART**. [Doc. No. 28]. However, because the failure was not willful, the Court does not dismiss the case as requested by Menard. Menard may submit a bill of costs for the filing of this motion by **November 22, 2011.** McLemore may file any objections by **December 6, 2011.**

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written**

4

**objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER**.

**SO ORDERED.**

Dated this 8th day of November, 2011.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge
