UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PAMELA MCLEMORE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-429 JD |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On April 18, 2012, Defendant, Menard, Inc. ("Menard"), filed a second motion for an order to show cause why Plaintiffs' case should not be dismissed for failing to respond to discovery requests as ordered by the Court. On May 3, 2012, Plaintiffs, Pamela McLemore and James McLemore (collectively "McLemore") filed a response. On May 7, 2012, Menard filed a reply. On May 11, 2012, the presiding judge referred this dispositive matter to the undersigned for a report and recommendation. For the following reasons, the undersigned **RECOMMENDS** that the Court **DENY** Menard's motion.

**I. RELEVANT BACKGROUND**

On February 17, 2011, Menard served interrogatories and requests for production of documents on McLemore. Menard never received any response, so on four separate occasions over the next four months, Menard attempted to contact McLemore's counsel to obtain some kind of response. Finally, on June 17, 2011, Menard filed a motion to compel discovery responses. On July 5, 2011, after receiving no response from McLemore, the Court granted the motion to compel, giving McLemore until July 15, 2011 to file responses.

On July 11, 2011, McLemore's counsel called Menard's counsel indicating that

discovery responses were forthcoming. On July 25, 2011, McLemore filed her responses to Menard's interrogatories and requests for production. However, the responses were incomplete and several indicated that the responses would be supplemented.

On December 8, 2011, the Court issued an order for sanctions for dilatory conduct and awarded fees and costs to Menard in the amount of $1,890.00. McLemore has not yet paid Menard's fees and costs.

On March 1, 2012, counsel for Menard withdrew his appearance. On March 30, 2012, new counsel entered his appearance for Menard.

Menard argues that McLemore's case should be dismissed for failure to comply with the Court's orders.

## II.   ANALYSIS

At the outset, the Court will address Menard's contention that Rule 37 should apply to this motion, rather than Rule 41. Menard argues that McLemore's failure to comply with the Court's December 8, 2011, order as a failure to comply with a discovery order. However, the Court's order did not order the production of discovery. Rather, McLemore was ordered to pay sanctions. The failure to comply with an order for sanctions is not addressed in Rule 37. *See* Fed. R. Civ. P. 37. Therefore, this motion falls under Rule 41(b), which addresses the failure to comply with any court order. *See* Fed. R. Civ. P. 41(b).

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it." Fed. R. Civ. P. 41(b). "A court should only dismiss a cause of action pursuant to Rule 41(b) when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective."

*Lewis v. School Dist. # 70,* 648 F.3d 484, 488 (7th Cir. 2011) (internal quotations omitted).

McLemore argues that dismissal is not warranted because his counsel was engaged in settlement negotiations with Menard's previous counsel and they were developing an arrangement for the payment of the costs and fees. In support of his argument, McLemore has offered the affidavit of his counsel, Vincent M. Campiti, who stated that after the Court ordered the $1,890 sanction, he discussed with Menard's former counsel whether Menard would be willing to delay collection until a settlement could be reached and deduct the amount of the sanction from the settlement amount. Doc. No. 55 at 1. Mr. Campiti then stated that he never received a response from Menard's former counsel. *Id.* at 2. Instead, Menard's counsel filed a motion to withdraw. *Id.* When new counsel entered his appearance in April 2012, he soon revisited the issue of payment of the sanction. *Id.* Mr. Campiti stated that was unable to resolve the issue before Menard filed the present motion. *Id.* at 2-3.

From Mr. Campiti's affidavit and McLemore's representations regarding his attempts to resolve the payment of a sanction during settlement, the Court finds that there is not a "clear record of delay or contumacious conduct," nor have "less drastic sanctions proven ineffective." *Lewis*, 648 F.3d at 488. This situation is similar to *Williams v. Adams*, where the Seventh Circuit reversed a Rule 41(b) dismissal because although the plaintiff could not pay a $9,000 sanction, he could offset the sanction in his settlement award. 660 F.3d 263, 266-67 (7th Cir. 2011). McLemore has demonstrated that he is not engaging in contumacious conduct. He was working with former counsel to resolve the issue of payment and will continue to do so. As a result, this case should not be dismissed under Rule 41(b).

Both parties have asked for costs and fees related to this motion. However, under the

3

circumstances, the Court finds that such an award to either party would be unjust. In particular, Menard is entitled to receive the court-ordered sanction in a timely fashion. On the other hand, McLemore is trying to provide it. Therefore, another award of costs and fees would be unjust.

### III. CONCLUSION

Because McLemore does not have a clear record of delay and contumacious conduct, nor have less drastic sanctions proved ineffective, Menard's motion should be **DENIED**. [Doc. No. 52]. The Court reminds McLemore that the previous sanction of $1,890.00 is still due.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER**.

**SO ORDERED.**

Dated this 6th day of June, 2012.

                                                   S/Christopher A. Nuechterlein
                                                   Christopher A. Nuechterlein
                                                   United States Magistrate Judge