UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| PAMELA MCLEMORE, *et al.*, | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) Case No. 3:10-CV-429 JD |
| MENARD, INC., | ) |
| Defendant. | ) |

## Order

On April 18, 2012, Defendant, Menard, Inc., filed a motion for an order to show cause why Plaintiffs' case should not be dismissed under Federal Rule of Civil Procedure 37(b) for failing to pay sanctions as ordered by the Court; Menard also sought reasonable costs and attorneys' fees. *See* DE 52, 53. On May 3, Plaintiff Pamela McLemore filed a response in opposition, asking the Court to deny the motion and, in fact, award reasonable costs and attorneys' fees to her. *See* DE 54. On May 7, Menard filed a reply. *See* DE 57.

On May 11, 2012, the undersigned referred the dispositive aspects of the motion, including the request for the sanction of dismissal and attorney's fees, to Magistrate Judge Christopher A. Nuechterlein for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1(c). *See* DE 58. On June 6, Magistrate Judge Nuechterlein issued a Report and Recommendation, recommending that the Court deny the motion in all respects. *See* DE 59. The magistrate judge reasoned that Rule 37 was not applicable because the previous order of sanctions was not a discovery order, and that Rule 41(b) applied instead. *Id.* at 2. Because dismissals under Rule 41(b) are not appropriate unless "there exists a clear record of delay or

contumacious conduct or when less drastic sanctions have proven ineffective," and because the plaintiffs' conduct was in good faith and not contumacious, the magistrate judge recommended that dismissal was not appropriate. *Id.* at 2–3 (citing *Lewis v. School Dist. #70*, 648 F.3d 484, 488 (7th Cir. 2011). He further recommended that the Court not award costs and attorneys' fees to either party.

As of this date, no party has filed an objection to the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) (affording the parties fourteen days to file objections). The Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which specific written objection have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Fed. R. Civ. P. 72(b) (setting forth procedures for objecting to a Magistrate Judge's Report and Recommendation and the District Court's standard of review for resolving objections). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court also "waives the right to appeal all issues addressed in the recommendation, both factual and legal.". *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's

ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) permit the parties to file objections to a Report and Recommendation within fourteen days of being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). More than 14 days have passed since the entry of Magistrate Judge Nuechterlein's Report and Recommendation, and no party has filed an objection. Consequently, because the time period for objections has passed, the Court considers there to be no objection to Magistrate Judge Nuechterlein's Report and Recommendation.

Having reviewed the Report and Recommendation and finding no clear error therein, the Court **ADOPTS** the Report and Recommendation in its entirety [DE 59], and incorporates Magistrate Judge Nuechterlein's findings and recommendations into this order. Accordingly, the Court now **DENYS** Menard's motion to show cause [DE 52].

SO ORDERED.

ENTERED: October 2, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court